UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT W. SULLIVAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6865** |
| **WILLBROS GROUP, INC., WILLBROS INTERNATIONAL, INC., WILLBROS (OFFSHORE) NIGERIA, LIMITED WILLBROS WEST AFRICA, INC., ABC INSURANCE COMPANY, SHELL INTERNATIONAL LIMITED, SHELL PETROLEUM DEVELOPMENT COMPANY OF NIGERIA, LTD. AND XYZ INSURANCE COMPANY** | **SECTION: "C"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Non-Party Shell Oil Company ("Non-Party Shell"). In its motion, Non-Party Shell moves to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(5) for insufficiency of service of process or, alternatively, to quash the service made on it. The plaintiff, Robert W. Sullivan ("Sullivan") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the arguments of counsel, the record and the applicable law, the Court finds that Non-Party Shell's Motion to Dismiss is **DENIED** and the Alternative Motion to Quash Service is **GRANTED.**

**I. BACKGROUND**

Sullivan filed a complaint that named Willbros Group, Inc., Willbros, International, Inc., Willbros (Offshore) Nigeria, Limited, Willbros West Africa, Inc., ABC Insurance Company, Shell International Limited ("Shell International"), Shell Petroleum Development Company of Nigeria, Ltd. ("Shell Nigeria") and XYZ Insurance Company as defendants. Non-Party Shell was not named as a defendant. However, Non-Party Shell was served twice with process that was directed to the named defendants to the lawsuit. As a result, Non-Party Shell filed this motion seeking to either dismiss the suit for insufficiency of service of process or quash the service of process upon it.

**II. ANALYSIS**

Under Federal Rule of Civil Procedure 12(b)(5) a lawsuit can be dismissed for insufficiency of service of process. However, the court often treats Rule 12(b)(5) motions as motions to quash service. See, *Hodge v. Layrisson*, 1998WL 564263 (E.D.La.) (citing Write & Miller, *Federal Practice & Procedure: Civil,* 2d § 1353, at 286 (2d ed. 1990)).

Here, Sullivan claims that he served Shell International and Shell Nigeria through "the Shell Companies" at One Shell Square in New Orleans, Louisiana. He asserts the had hoped that "Shell" would waive service of process and proceed with the merits of the case. He also claims that Shell Nigeria and Shell International are the proper parties to the suit and that he does not intend to amend his petition to name Non-Party Shell as a defendant. However, Sullivan argues that Non-Party Shell should be required to answer the discovery directed at the named defendants that was served on it, because of the alleged problems with serving the foreign

companies, Shell International and Shell Nigeria.

However, Non-Party Shell points out that "the Shell Companies" is not an entity and that neither Shell Nigeria nor Shall International has offices at One Shell Square.  Furthermore, Non-Party Shell asserts that neither it nor any of its subsidiaries are agents for service of process for either Shell Nigeria or Shell International and that there is no corporate connection between it and the companies named in the lawsuit. Accordingly, Non-Party Shell argues that the suit should be dismissed for improper service of process or, alternatively, that all of the process served upon it should be quashed.

As stated above, Non-Party Shell is not a named party to the lawsuit.  Sullivan served it believing that it would waive service for Shell International and Shell Nigeria.  However, Non-Party Shell is not an agent for service of process for either of the named entities.  Furthermore, Sullivan has indicated that he does not intend to amend his complaint to include Non-Party Shell as a defendant.  Thus, dismissing the action for insufficiency of service of process is not appropriate.  On the other hand,  it would be an undue burden to require Non-Party Shell to answer discovery that was not directed to it.  As a result, the Court hereby quashes all of the process that was served on Non-Party Shell.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Shell Oil Company's Motion to Dismiss is **DENIED** and the Alternative Motion to Quash Service is **GRANTED.**

New Orleans, Louisiana this 19th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE